UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>TINA MILINOVICH, PAULA HASKELL MIRAGLIA and I.G. MIRAGLIA, a minor<br><br>　　　　　　　　Defendants. | Case No.: 3:15-cv-00823-MMC<br><br>[PROPOSED] ORDER OF DISCHARGE IN INTERPLEADER AND DISMISSAL WITH PREJUDICE IN FAVOR OF PLAINTIFF AND COUNTER-DEFENDANT AMERICAN GENERAL LIFE INSURANCE COMPANY |

Upon reading the Stipulation for Entry of an Order of Discharge in Interpleader and Dismissal With Prejudice in Favor of Plaintiff and Counter-Defendant American General Life Insurance Company ("AGLIC"), it appearing that this Court has jurisdiction of the parties and the subject matter, and good cause appearing therefore,

IT IS HEREBY ORDERED AND DETERMINED as follows:

1. That, on or about August 6, 2010, AGLIC issued policy number YM00717637 insuring the life of David J. Miraglia, which provided a death benefit in the amount of $500,000 (hereinafter "the Policy");

2. That David J. Miraglia died on or about August 1, 2014 and the death benefit under the Policy became payable;

3. That AGLIC received multiple and conflicting claims to the death benefit under the Policy, including claims from defendant, counter-claimant and cross-claimant Tina

Milinovich ("defendant Milinovich"), defendant Paula Haskell Miraglia ("defendant P. Miraglia") and defendant I.G. Miraglia, a minor ("defendant I.G. Miraglia");

4. That AGLIC contends that it was unable to safely pay the death benefit payable under the Policy without being exposed to multiple or double liability to the defendants;

5. That AGLIC possessed a real and reasonable fear of double liability or conflicting claims related to the death benefit payable under the Policy;

6. That on February 24, 2015, AGLIC filed a Complaint for Interpleader Relief in this Court;

7. That on March 11, 2015, AGLIC deposited with the Court the total sum of $503,108.83, representing the death benefit plus accrued interested owed under the Policy;

8. That this case is at issue, because defendant Milinovich filed an Answer, Counter-Claim and Cross-Claim on April 2, 2015 and defendants P. Miraglia and I.G. Miraglia filed an Answer on April 24, 2015;

9. That AGLIC is a disinterested stakeholder and is indifferent to which defendant or defendants are entitled to the death benefit payable under the Policy;

10. That AGLIC is a citizen of the State of Texas, and all defendants are citizens of the State of California;

11. That the amount in controversy in this action exceeds $75,000 because the Policy has a death benefit of $500,000;

12. That this Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332, because AGLIC is diverse in citizenship from each and every defendant and the amount in controversy exceeds $75,000, and Federal Rule of Civil Procedure 22. "Federal Rule of Civil Procedure 22 permits interpleader actions if the amount in controversy exceeds $75,000 and if there is complete diversity between the stakeholder and all of the claimants, even if some of the claimants are citizens of the

same state." *Prudential Ins. Co. v. Wells,* 2009 U.S. Dist. LEXIS 43276, p. 2 (N.D. Cal. May 21, 2009);

13. That AGLIC properly filed the Complaint for Interpleader Relief in this action and stated a proper cause for interpleader;

14. That having brought this action and deposited with the Court the Policy proceeds plus accrued interest, in the amount of $503,108.83, AGLIC hereby is discharged from any and all liability to the defendants in this action based upon and/or with respect to the terms of the Policy, the death benefit payable under the Policy, the death of David J. Miraglia and/or the defendants' claims for the death benefit payable under the Policy;

15. That the defendants hereby are restrained and/or prohibited from instituting or prosecuting any proceeding in any state court, United States Court or administrative tribunal against AGLIC based upon and/or with respect to the terms of the Policy, the death benefit payable under the Policy, the death of David J. Miraglia and/or the defendants' claims for the death benefit payable under the Policy;

16. That an order of discharge in interpleader hereby is entered in favor of AGLIC in this action and as to all defendants;

17. That AGLIC hereby is dismissed with prejudice from this action;

18. That this action shall proceed between the defendants; and

19. That all parties are to bear their own fees and costs with respect to the order for discharge in interpleader and dismissal with prejudice in favor of AGLIC.

**IT IS SO ORDERED**.

Date: April 27, 2015

SENIOR DISTRICT JUDGE
MAXINE M. CHESNEY