IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TINA MILINOVICH, PAULA HASKELL MIRAGLIA, and I.G.M., a minor,<br><br>　　　　Defendants. | No. C-15-0823 MMC<br><br>**ORDER RE: MINOR'S COMPROMISE; DIRECTIONS TO CUSTODIAN PAULA HASKELL MIRAGLIA; SETTING JANUARY 15, 2016 STATUS CONFERENCE; VACATING ALL OTHER DATES AND DEADLINES** |

　　　Before the Court is the parties' "Stipulation and [Proposed] Order for Distribution of Proceeds and Dismissal of Action" ("Stipulation"), filed November 13, 2015, by which the parties seek the Court's approval of their settlement.  The Court construes the Stipulation as a petition for approval of a minor's compromise, as the settlement provides for a distribution to defendant I.G.M., who is a minor individual.  See Cal. Code Civ. Proc. § 372(a)(1) (providing "guardian ad litem . . . appearing for any minor . . . shall have power, with the approval of the court in which the action or proceeding is pending, to compromise the same").

　　　On August 6, 2010, plaintiff American General Life Insurance Company ("AGLIC") issued a life insurance policy to David J. Miraglia, I.G.M.'s father, with a death benefit in the amount of $500,000.  Thereafter, on August 1, 2014, David J. Miraglia died and "conflicting demands were made regarding the Policy Proceeds, including claims by [defendants]."

(See Stipulation ¶ 3.)  On February 24, 2015, AGLIC filed the above-titled action for interpleader relief, and subsequently deposited with the Court $503,108.83, the sum of the death benefit plus accrued interest, and was dismissed from the case.  (See id. ¶ 4.)

Thereafter, the remaining parties reached a settlement agreement, the terms of which are as follows:  (1) forty percent of the proceeds shall be distributed to David J. Miraglia's wife, defendant Paula Haskell Miraglia ("Miraglia"); (2) forty percent of the proceeds shall be distributed to David J. Miraglia's sister, defendant Tina Milinovich; and (3) twenty percent of the proceeds shall be distributed to "Paula Haskell Miraglia to hold as custodian under the California Uniform Transfers to Minors Act for the benefit of I.G.M. until she reaches the age of 25."  (See id. ¶ 5.)

Having read and considered the Stipulation, the Court hereby APPROVES in part and DENIES in part the Stipulation, as follows:

1.  The Court finds the distribution to I.G.M. is fair, reasonable, and in the best interests of I.G.M., as the settlement awards I.G.M. the maximum amount she could have received had she prevailed at a trial of this matter on the merits.

2.  Contrary to the parties' stipulation, Miraglia shall hold I.G.M.'s distribution as custodian pursuant to Chapter 4 of the California Probate Code, and not under the California Uniform Transfers to Minors Act, as Chapter 4 applies where, as here, a court "approves a compromise of a pending action or proceeding in which a minor . . . is a party," and "[t]he compromise, covenant, or judgment provides for the payment or delivery of money or other property for the benefit of the minor."  See Cal. Prob. Code § 3600; see also Cal. Code Civ. Proc. § 372(a)(1) (providing "[m]oney or other property to be paid or delivered pursuant to the order or judgment for the benefit of a minor . . . shall be paid and delivered as provided in Chapter 4 (commencing with Section 3600)."

In accordance with § 3611(b) of the California Probate Code, Miraglia is directed to deposit the sum to be paid to I.G.M., specifically $100,621.77, "in an insured account in a financial institution in this state, . . . subject to withdrawal only upon the authorization of the

court," see Cal. Prob. Code § 3611(b), said account to be in I.G.M.'s name, with Miraglia as custodian. Upon deposit of the sum of $100,621.77, Miraglia shall file with the Court a completed "Receipt and Acknowledgment of Order for the Deposit of Money into Blocked Account" ("Receipt"). See California Judicial Council Form MC-356.

      3. Contrary to the Stipulation, I.G.M. shall gain access to the funds in said account, upon application to this Court, when she reaches eighteen years of age, as the Court only retains "jurisdiction of the money and other property paid, delivered, deposited, or invested under [Article 2, Chapter 4] until the minor reaches 18 years of age." See Cal. Prob. Code § 3612(a).

      4. A Status Conference with respect to the deposit of the above-referenced sum is hereby set for January 15, 2016, at 10:30 a.m. No appearance is necessary, and the Status Conference will stand vacated without further order of the Court, if a completed Receipt is filed on or before January 8, 2016. If a Receipt has not been filed on or before January 8, 2016, Miraglia shall file, no later than January 8, 2016, a Status Conference Statement, indicating therein the reason(s) why the Receipt has not been filed.

      5. In accordance with the Stipulation, upon filing of the Receipt, the Court shall enter an order dismissing the above-titled action with prejudice. (See Stipulation ¶ 7.)

      6. All remaining dates and deadlines in the above-titled matter are hereby VACATED.

**IT IS SO ORDERED.**

Dated: December 10, 2015

_____
MAXINE M. CHESNEY
United States District Judge

3